IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. LAWLESS, | CASE NO. 1:22-CV-02193-CEF |
| Petitioner, | JUDGE CHARLES E. FLEMING |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN JERRY SPATNY,[1] | **REPORT AND RECOMMENDATION** |
| Respondent. | |

## INTRODUCTION

Representing himself, Petitioner Michael Lawless, a prisoner in state custody, filed a

petition on November 28, 2022, seeking a writ of habeas corpus under 28 U.S.C. § 2254.

(ECF #1). The District Court has jurisdiction under § 2254(a). On February 2, 2023, this matter

was referred to me under Local Rule 72.2 to prepare a Report and Recommendation. (Non-

document entry of Feb. 2, 2023). On June 13, 2023, Respondent Warden Jerry Spatny, as Warden

of the Grafton Correctional Institution (hereinafter, "the State"), filed the Return of Writ,

including the state-court record and trial transcripts. (*See* ECF #7, 7-1, and 7-2).

On August 21, 2023, Mr. Lawless requested permission to amend his petition with five

additional claims, which the State opposed. (ECF #9 and 10). I denied the amendment on January

---

[1]  I take judicial notice that the Ohio Department of Rehabilitation and Corrections
official government website lists Jerry Spatny as the current Warden of the Grafton Correctional
Institution. *See Grafton Correctional Institution (GCI), Ohio Dept. of Rehab. & Corr.*,
http://drc.ohio.gov/about/facilities/grafton-correctional (last accessed Dec. 16, 2024). Thus,
under Fed. R. Civ. P. 25(c) and Habeas Rule 2(a), I substitute him as the proper respondent.

30, 2024. (ECF #11). On April 2, 2024, Mr. Lawless filed his Traverse to the Return of Writ. (ECF #12).

For the reasons that follow, I recommend the District Court **DISMISS** the petition as untimely. Even if the petition were timely, I recommend the District Court **DISMISS** the petition because all grounds for relief are procedurally defaulted. I further recommend the district court **DENY** a certificate of appealability.

PROCEDURAL HISTORY

I.      **State court factual findings**

The factual findings of the Ohio Court of Appeals, Fifth District, made on direct appeal are presumed correct unless Mr. Lawless rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In its opinion affirming the denial of Mr. Lawless's post-trial motions, the Fifth District found as follows:

{¶4} On October 30, 2015, the Ashland County Grand Jury returned an indictment against Defendant-Appellant Richard J. Lawless on thirty-nine (39) counts. Those charges included: Engaging in a Pattern of Corrupt Activity, a felony of the first degree; Complicity to Trafficking in Heroin, a felony of the first degree; Complicity to Trafficking in Cocaine, a felony of the first degree; Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a felony of the third degree; Trafficking in Heroin, a felony of the fifth degree; Aggravated Burglary, a felony of the first degree; Felonious Assault, a felony of the second degree; Abduction, a felony of the third degree; Having Weapons While Under Disability, a felony of the third degree; and numerous specifications.

{¶5} On May 23, 2016, Appellant pled no contest to all thirty-nine (39) counts. Appellant further pled to a Forfeiture Specification.

{¶6} On that same date, May 23, 2016, a plea agreement was also signed by the parties which included the terms of the plea agreement. The terms of the plea agreement were for Defendant-Appellant to enter a No Contest plea to the indictment, a jointly recommended prison sentence of twenty (20) years of which fourteen (14) were mandatory, a joint recommendation that the sentence to be imposed be concurrent to Defendant-Appellant's case in Wayne County, and the forfeiture of the property

2

with the exception of two of the vehicles. The agreement left up to the discretion of the trial court all other matters relating to sentencing sanctions.

{¶7} This plea agreement was signed by Defendant-Appellant, his trial counsel, counsel for the State of Ohio, and the trial court.

{¶8} On that same date, a Waiver of Constitutional Rights and Plea of No Contest was signed by the parties.

{¶9} Finally, on that same date, the trial court executed a Judgment Entry for the change of plea in which the trial court accepted the No Contest plea entered by Defendant-Appellant and found Defendant-Appellant guilty. The trial court scheduled a sentencing hearing.

{¶10} On July 5, 2016, at the sentencing hearing, the trial court sentenced Defendant-Appellant to an aggregate prison term of twenty (20) years and ordered the forfeiture of real and personal property as listed in the forfeiture specification. The trial court also ordered Appellant's sentence in Case No. 15-CRI-178 to run concurrently to the sentence Appellant was already serving in Wayne County.

{¶11} The trial court's Judgment Entry - Sentencing was docketed on July 14, 2016.

{¶12} On August 1, 2016, Defendant-Appellant filed a notice of appeal. The trial court appointed appellate counsel on August 16, 2016. Defendant-Appellant's appellate counsel filed a motion for preparation of transcripts at the State's expense on September 9, 2016. This Court granted Defendant-Appellant's motion for transcripts on September 12, 2016.

{¶13} On November 9, 2016, Defendant-Appellant filed a pro se motion to remove his court appointed appellate counsel.

{¶14} On November 10, 2016, the record was transmitted to this Court from the trial court.

{¶15} On November 18, 2016, this Court granted Defendant-Appellant's motion to remove counsel.

{¶16} Defendant-Appellant failed to file a merit brief in that case.

{¶17} On January 3, 2017, this Court dismissed Defendant-Appellant's appeal for lack of prosecution.

{¶18} On February 27, 2017, Defendant-Appellant filed a motion to reopen his appeal pursuant to App.R. 26(B).

{¶19} On March 8, 2017, the State of Ohio filed a response.

{¶20} On March 23, 2017, this Court denied Defendant-Appellant's motion.

{¶21} On June 17, 2019, Appellant filed the following pro se motions: a motion to vacate sentence and dismiss Case No. 15-CRI-178 due to manifest injustice, a motion to dismiss Case No. 15-CRI-178 due to speedy trial violations, and a motion for inventory and return of all property listed in the indictment.

{¶22} On July 18, 2019, Appellant filed a pro se motion to dismiss due to plain error and insufficiency of indictment.

{¶23} By Judgment Entry filed October 25, 2019, the trial court denied Appellant's post-trial motions.

{¶24} On August 20, 2020, Appellant filed a motion for sentencing and issuance of a final appealable order (to correct a manifest injustice).

{¶25} On August 31, 2020, Appellant filed an "Addendum in Support of New Sentencing Hearing."

{¶26} By Judgment Entry filed December 10, 2020, the trial court denied Appellant's motion.

(ECF #7-1 at PageID 862-65 (citations omitted); *see also State v. Lawless*, No. 21-COA-001, 2021 WL 3630038, at *1-2 (Ohio Ct. App. Aug. 16, 2021), *appeal not allowed*, 177 N.E.3d 995 (Ohio 2021) (table)).

## II. Trial court proceedings

On October 30, 2015, an Ashland County Grand Jury indicted Mr. Lawless on 39 counts, as described above. (*See* ECF #7-1 at PageID 63-72). The indictment also included forfeiture specifications for various firearms, vehicles, real estate, U.S. currency, and other property. (*Id.* at PageID 72).

On May 23, 2016, Mr. Lawless and the State entered into a plea agreement where (1) Mr. Lawless would plead no contest to all 39 counts, (2) he and the State would jointly recommend a

4

sentence of 20 years' imprisonment to be served concurrently to a previous Ohio sentence,[2] and (3) he would forfeit the property listed in the indictment with the exception of two vehicles. (*Id.* at PageID 83-84).

The trial court accepted the no-contest plea on May 23, 2016 and found Mr. Lawless guilty. (ECF #7-2 at PageID 1086-87) ("I am finding that Mr. Lawless has in fact committed the offenses to which he's pleading No Contest based on the information set forth in the indictment . . . ."). The court journalized the change of plea and the guilty finding on May 24, 2016. (ECF #7-1 at PageID 101) ("Said plea is accepted and the Court finds the defendant guilty of the above-stated charge(s)."). On July 14, 2016, the trial court then imposed the jointly recommended sentence. (*Id.* at PageID 103-28).

### III.  Direct appeal

On August 1, 2016, Mr. Lawless appealed pro se his conviction to the Fifth District. (ECF #7-1 at PageID 129). He was assigned counsel on August 16, 2016 (*see id.* at PageID 197) but on November 9, Mr. Lawless sought to dismiss his appointed counsel and continue pro se, which the Fifth District permitted. (*Id.* at PageID 198-99). On January 3, 2017, the Fifth District dismissed his appeal for non-prosecution after Mr. Lawless failed to submit a merits brief. (*Id.* at PageID 200).

### IV.  Application to reopen the direct appeal

On February 27, 2017, Mr. Lawless, again representing himself, filed a motion to reopen his appeal, contending he never received transcripts of trial-court proceedings necessary to advance his appeal. (ECF #7-1 at PageID 201). The State opposed reopening, arguing the motion did not

---

[2]     *See State v. Lawless*, No. 16AP0025, 2018 WL 709069 (Ohio Ct. App. Feb. 5, 2018).

follow the requirements of Ohio Appellate Rule. 26. (*Id.* at PageID 205-07). On March 23, 2017,

the Fifth District denied Mr. Lawless's motion. (*Id.* at PageID 208).[3]

## V.     Subsequent motion practice in the trial court

On June 17, 2019, Mr. Lawless filed pro se in the Ashland County Court of Common

Pleas a "Motion to Vacate Sentence and Dismiss Case No. 15-CR-178 with Prejudice Due to

Manifest Injustice." (ECF #7-1 at PageID 397-402). There, he argued the trial court did not find

him guilty after his no-contest plea and thus his conviction was not final under Ohio Criminal

Rule 32(C). (*Id.* at PageID 398-99). Mr. Lawless also filed a "Motion to Dismiss Case No. 15-CR-

178 with Prejudice Due to Speedy Trial Violations." (*Id.* at PageID 403-06). There, he argued that

because his conviction was not final, he was never tried and the speedy-trial clock had since

elapsed. (*Id.*). Mr. Lawless further filed a "Motion for Inventory and Return of All Property Listed

in the Indictment for 15-CRI-178" where he sought to unwind all the forfeitures that stemmed

from his conviction.[4] (*See id.* at PageID 407-08). Mr. Lawless also submitted a sworn statement

---

[3]      Mr. Lawless submitted a response to the State's opposition on March 21, 2017, prior to the Fifth District's decision, but it was not received and filed until March 24, the day after the decision. (ECF #7-1 at PageID 209-11). The State filed an additional opposition arguing Mr. Lawless's response was moot. (*Id.* at PageID 217). Mr. Lawless submitted two addenda to his response contending he had never received the transcripts and sought a judicial determination as to when the transcripts were prepared. (*Id.* at PageID 219-21). The Fifth District did not rule on any of these additional filings.

[4]      The state-court record includes a collateral proceeding seeking the forfeiture of a 2008 Dodge Challenger, first from Connie Lawless (Mr. Lawless's fiancée) who had possession of the vehicle, and then from the David Workman Trust, which held title to the vehicle. (*See* ECF #7-1 at PageID 225, 227, 263-66). In challenging his convictions, Mr. Lawless has also argued that this forfeiture action and others were improper because it flowed from a non-final conviction. (*See id.* at PageID 1190-96). Because Mr. Lawless's petition is time barred, it is unnecessary to address the collateral forfeiture proceedings.

alleging his trial counsel was ineffective for failing to communicate with him, go over trial strategy, and prepare a suppression motion. (*Id.* at PageID 409-11).

The State responded that Mr. Lawless could not establish any manifest injustice from the implementation of his plea agreement with the State, he waived his speedy-trial rights when he sought a continuance before trial to negotiate that agreement, and all forfeitures were proper because Mr. Lawless pled no contest to the forfeiture specifications. (*See id.* at PageID 478-79, 525-27, and 532). Mr. Lawless filed rebuttals to the State's arguments (*id.* at PageID 536-37, 542-43, and 539-40) and the State in turn responded (*id.* at PageID 547-48, 545-46, 549), with both parties repeating the substance of their earlier arguments.

On July 18 and 19, 2019, Mr. Lawless filed pro se a "Motion to Dismiss 15-CRI-178 With Prejudice Due to Plain Error" and a "Motion to Dismiss Case 15-CRI-178 Due to Insufficiency of Indictment." (*Id.* at PageID 551-57). In both motions, Mr. Lawless argued his conviction should be overturned because the trial court failed to read the indictment into the record and failed to review if the indictment met the statutory requirements of the offenses alleged. (*See id.* at PageID 555-57). The State responded that Mr. Lawless waived a reading of the facts of the indictment and has identified no deficiencies with the indictment itself. (*See id.* at PageID 560-63).

On October 15, 2019, the trial court construed Mr. Lawless's motions as a request for post-conviction relief under Ohio Revised Code **§** 2953.21 and denied them as both untimely and barred under res judicata because Mr. Lawless could have raised the arguments on direct appeal but did not do so. (*See id.* at PageID 564-67).

On August 20, 2020, Mr. Lawless filed pro se a "Motion for Sentencing and Issuance of a Final Appealable Order (to correct a Manifest Injustice)." (*Id.* at PageID 741-46). There, he argued

7

his conviction and sentence were void because the trial court did not enter a guilty finding and thus was subject to collateral attack even if it would be procedurally barred or barred by res judicata. (*See id.* at PageID 743-45). Mr. Lawless also argued for the first time that his plea agreement's restrictions on his right to appeal rendered the plea invalid. (*See id.* at PageID 742). In an August 31 addendum, Mr. Lawless again argued the forfeitures based on his conviction were also void. (*See id.* at PageID 747-48). The State responded that the trial court made a guilty finding in its May 24, 2016 journal entry memorializing Mr. Lawless's no-contest plea. (*See id.* at PageID 762). On December 10, 2020, the trial court denied the motion. (*Id.* at PageID 818).

On January 5, 2021, Mr. Lawless appealed pro se the denial of his motion for resentencing to the Fifth District. (*Id.* at PageID 819). In his brief, he raised four assignments of error:

**First Assignment of Error**:
The trial court did not issue the Defendant a Final Appealable Order.

**Second Assignment of Error:**
The trial court cannot forfeit property without a Final Appealable Order.

**Third Assignment of Error:**
The trial court cannot forfeit property without a finding of guilt anywhere in the sentencing record, when a Defendant pleads No Contest.

**Fourth Assignment of Error:**
The Defendant's assigned Counsel was utterly ineffective for allowing these Errors to occur.

(*Id.* at PageID 828). The State responded that Mr. Lawless's appeal was untimely because it was filed more than 30 days after issuance of the sentencing entry and all four arguments could have been included in his 2016 appeal. (*See id.* at PageID 852-55).

On August 16, 2021, the Fifth District dismissed Mr. Lawless's appeal, holding it was untimely because it was brought more than 30 days after his sentencing on July 14, 2016, and even if the appeal were timely, the doctrine of res judicata barred Mr. Lawless's arguments because he

could have raised them in his 2016 appeal but did not do so. (*Id.* at PageID 866; *see also State v. Lawless*, No. 21-COA-001, 2021 WL 3630038, at *2 (Ohio Ct. App. Aug. 16, 2021)).

On September 27, 2021, Mr. Lawless appealed the Fifth District's decision to the Supreme Court of Ohio. (ECF #7-1 at PageID 868-69). In his memorandum in support of jurisdiction, Mr. Lawless raised four propositions of law, each identical to the assignments of error he presented to the Fifth District. (*Id.* at PageID 874). On December 14, 2021, the Supreme Court of Ohio declined jurisdiction. (*Id.* at PageID 894; *see also State v. Lawless*, 77 N.E.3d 995 (Ohio 2021) (table)).

On September 27, 2021, Mr. Lawless pro se sought leave from the Fifth District to file a delayed appeal to again challenge his 2016 sentence. (*See* ECF #7-1 at PageID 895). The State opposed, arguing the motion was procedurally defective and duplicative of his previous appeals. (*See id.* at PageID 924-25). On November 3, 2021, the Fifth District dismissed the motion because it did not include a notice of appeal concurrently filed in the trial court as required by Ohio Appellate Rule 5. (*Id.* at PageID 927).

### FEDERAL HABEAS PETITION

On November 28, 2022, Mr. Lawless placed his habeas petition in the prison mailing system. (ECF #1 at PageID 13). He raises four grounds for relief in his habeas petition:

**GROUND ONE**:
The petitioner was deprived of his due process rights to appeal because [the] court never issued a final appealable sentencing order of conviction. No appeals court has jurisdiction to hear appeals that are not final in Ohio.

**GROUND TWO**:
Property cannot be forfeited without a final order of conviction. This violates plaintiffs due process rights and prohibits his right to appeal.

**GROUND THREE**:
Ineffective assistance of counsel: plaintiffs [sic] attorney was fired by him multiple

times and failed to request a final appealable order of conviction. The Judge refused to appoint different counsel or allow plaintiff to self-represent.

**GROUND FOUR**:
The State of Ohio denied the plaintiff of his constitutional right to self-represent. Plaintiff requested in both open court and by motion to be permitted to self-represent.

(ECF #1 at PageID 5, 6, 8, 9).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Mr. Lawless's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA recognizes that "[s]tate courts are adequate forums for the vindication of federal rights" and therefore acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). It "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citation and quotation omitted). Accordingly, an application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

Habeas courts review the last explained state-court judgment on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). For the purposes of § 2254(d)(1), clearly established federal law "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes

"the holdings, as opposed to dicta, of [Supreme Court] decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state-court decision is contrary to Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Id.* at 405; *White v. Mitchell*, 431 F.3d 517, 523 (6th Cir. 2005). The word "contrary" means "diametrically different, opposite in character or nature, or mutually opposed." *Williams*, 529 U.S. at 405. A state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent. *See Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state-court decision involves an unreasonable application of the Supreme Court's precedent if the state court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the state prisoner's case, or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not be applied or unreasonably refuses to extend that principle in a new context where it should apply. *Williams*, 529 U.S. at 407. The appropriate measure of whether a state-court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Under § 2254(d)(2), state court factual determinations stand unless they are objectively unreasonable in light of the evidence presented in state court. *Id.* at 100. The Supreme Court has repeatedly emphasized "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Burt*, 571 U.S. at 18. Under AEDPA, "a determination of a factual issue made by a state court shall be presumed to be correct. [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2554(e)(1).

Comity principles also require federal courts to defer to a state's judgment on issues of state substantive and procedural law. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982). Federal courts must accept a state court's interpretation of its statutes and rules of practice. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

The standard is intended to be difficult to meet and reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Harrington*, 562 U.S. at 102-03; *see also Brown v. Davenport*, 596 U.S. 118, 133 (2022) (describing habeas as an "extraordinary remedy, reserved for only extreme malfunctions in the state criminal justice system and different in kind from providing relief on direct appeal") (cleaned up). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

When a properly presented federal constitutional claim was not adjudicated on the merits in the state courts, the reviewing federal court must apply the pre-AEDPA standard, reviewing *de*

*novo* questions of law and mixed questions of law and fact. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

### PROCEDURAL BARRIERS TO FEDERAL HABEAS REVIEW

Before a federal court may review a petitioner's habeas claims on the merits, the petitioner must overcome several procedural barriers. These barriers, including the statute of limitations, exhaustion of state remedies, and procedural default, limit a petitioner's access to review on the merits of a constitutional claim. *See Daniels v. United States*, 532 U.S. 374, 381 (2001).

**Statute of Limitations**. AEDPA establishes a one-year statute of limitations applicable to applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *see also Duncan v. Walker*, 533 U.S. 167, 179 (2001) (noting that the one-year limitations period in § 2244(d)(1) meets the interest in the finality of state court judgments). The limitations period is not jurisdictional; rather, it is an affirmative defense the responding party must raise in its first responsive pleading. *Day v. McDonough*, 547 U.S. 198, 205 (2006); *see also Scott v. Collins*, 286 F.3d 923, 927-28 (6th Cir. 2002). Though not jurisdictional, when the State asserts the limitations period and the petition is late, the district court should dismiss the case. *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *see also McCray v. Vasbinder*, 499 F.3d 568, 577 (6th Cir. 2007) (reversing order granting habeas relief because the "gateway requirements" for excusing a time-barred petition—*i.e.*, equitable tolling and actual innocence—had not been satisfied).

AEDPA's statute of limitations period runs from the latest of four dates:

(A)     The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's strict filing deadlines promote the finality of convictions and curb dilatory tactics. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). A state-court judgment becomes "final" on direct review for purposes of § 2241(d)(1)(A) when the time for pursuing direct review in state court or the United States Supreme Court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled while a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim remains pending.

**Procedural Default**. Absent a petitioner demonstrating either cause and prejudice or that failure to review the claim would result in a fundamental miscarriage of justice (discussed below), a federal court will not consider the merits of procedurally defaulted claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

There are two avenues by which a petitioner's claim may be procedurally defaulted. *Williams*, 460 F.3d at 806. First, procedural default occurs if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* To determine whether a petitioner's failure to comply with a state procedural rule bars review of his habeas claims, courts in the Sixth Circuit perform a four-pronged analysis: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether

the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a claim may be procedurally defaulted when the petitioner fails to raise it in state court and pursue it through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848 (1991)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). As addressed above, "[i]f, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.* Although the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims, barring federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749. Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced. *See Tinsley v. Million*, 399 F.3d 796, 806 (6th Cir. 2005) (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("It is a settled appellate rule that issues

adverted to in a perfunctory manner, unaccompanied by some effort at a developed argumentation, are deemed waived.") (quotation omitted)). A finding of cause and prejudice does not entitle a petitioner to habeas relief; it only allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. *See Martinez v. Ryan*, 566 U.S. 1, 10 (2012); *see also Coleman*, 501 U.S. at 750.

A showing of cause for the default requires more than the mere proffer of an excuse. Rather, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012). Neither a petitioner's pro se status nor his ignorance of the law and procedural filing requirements are enough to establish cause to overcome procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

To demonstrate prejudice sufficient to overcome procedural default, a petitioner must show more than mere errors in the state trial creating a possibility of prejudice; rather, the petitioner must show that the alleged errors worked to the petitioner's actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *Murray*, 477 U.S. at 494. There is no prejudice where the petitioner does not show a reasonable probability that the result of the proceeding would have been different. *Ambrose v. Booker*, 801 F.3d 567, 577-78 (6th Cir. 2015).

Alternatively, a petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the claims are not considered. *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 495. A fundamental miscarriage of justice occurs in the "extraordinary case, where a

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A valid actual innocence claim must be supported by new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial that is so strong a court cannot have confidence in the outcome of the petitioner's trial. *Schlup*, 513 U.S. at 324. In other words, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

A<small>NALYSIS</small>

The State argues Mr. Lawless's habeas petition is untimely and procedurally defaulted. (ECF #7 at PageID 37-39, 42-44). The State further argues that even if the petition was procedurally proper, all grounds for relief are meritless. (*Id.* at PageID 45-53). I agree the petition is both untimely and procedurally defaulted, and therefore recommend that the District Court dismiss it in its entirety without any consideration of the merits.

## I.       The petition is untimely.

As I noted in my January 30, 2024 order denying Mr. Lawless's motion to amend his habeas petition, "[i]t appears the statute of limitations expired on May 20, 2018, long before Mr. Lawless filed this petition on December 6, 2022." (ECF #11 at PageID 1168). Mr. Lawless argues his conviction was never final because the judgment entry is missing the fact of the conviction and consequently the limitations period never began. (*See* ECF #13 at PageID 1184-87 (quoting *State v. Baker*, 893 N.E.2d 163, 164-65 (Ohio 2008)).

A.      **The trial court issued a final appealable order regarding Mr. Lawless's conviction and sentence.**

A review of the trial court's journal entry reveals it sets forth "the Defendant previously pled no contest to the following offenses" but does not expressly state that the court had found Mr. Lawless guilty of those offenses. (*See* ECF #7-1 at PageID 103-28). The trial court did journalize the guilty finding in its May 24, 2016 entry. (*Id.* at PageID 101) ("Said plea is accepted and the Court finds the defendant guilty of the above-stated charge(s)."). Ohio law, however, does not permit multiple documents to be a final appealable order. *See Baker*, 893 N.E.2d at 167.

But this defect in the judgment entry does not mean Mr. Lawless's conviction is not final. Prior to the case against Mr. Lawless, the Supreme Court of Ohio modified *Baker*'s holding in *State v. Lester*, 958 N.E.2d 142 (Ohio 2011). There, the Court held that "a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at 147-48. Ohio Criminal Rule 32(C) has since been modified to reflect that holding. *See* Ohio Crim. R. 32, Staff Notes 2013.

The Supreme Court of Ohio in *Lester* then held:

> [I]f a judgment entry of conviction does not indicate how a defendant's conviction was effected, whether it was by a guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial, and if it is not corrected by the court sua sponte, as was done in this case, a party may obtain a correction to the judgment entry by a motion filed with the trial court to correct the judgment of conviction. But the fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final.

*Lester*, 958 N.E.2d at 148 (citation omitted).

This directly forecloses Mr. Lawless's argument that his conviction is not final because it omitted that he was convicted by a finding of guilt after entering a no-contest plea. Rather, the Ohio courts could have issued a nunc pro tunc correction to the July 14, 2016 entry to include the express guilty finding the trial court had made previously in its May 24, 2016 entry. (*See id.* at PageID 101). The Sixth Circuit has relied on *Lester* to reject a habeas petitioner's argument that a lack of a finding of guilt after a no-contest plea renders the conviction void. *See Askew v. Bradshaw*, 636 F.App'x 342, 344 (6th Cir. 2016) (noting under *Lester*, the State ordinarily could correct the lack of a guilty finding after a no-contest plea via a nunc pro tunc order but could not do so because the sentencing entry was void for omitting the applicable conditions of post-release control). Thus, under *Lester*, the trial court's July 14, 2016 sentencing order was a final appealable order despite omitting how Mr. Lawless's conviction was effected.

It is possible that had Mr. Lawless filed an appellate brief in his direct appeal and challenged whether the judgment of conviction comported with Criminal Rule 32, the state court may have held the judgment was deficient and thus there was not a final appealable order in his case. But the "possibility that a state court might, in its discretion, decline to enforce an available procedural bar and choose to apply a new rule of law" does not mean a judgment is not final for the purpose of § 2241(d)(1)(A). *See Stadmire v. Erdos*, No. 1:15-CV-1883, 2016 WL 3878149, at *2 (N.D. Ohio July 18, 2016).

**B.      Mr. Lawless's one-year limitation period under AEDPA began to run on May 9, 2017.**

AEDPA's statute of limitations period runs from the latest of four dates, the relevant one here being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). A state-court

judgment becomes "final" on direct review for purposes of § 2241(d)(1)(A) when the time for
pursuing direct review in state court or the United States Supreme Court expires. *Gonzalez v.
Thaler*, 565 U.S. 134, 150 (2012).

Mr. Lawless began pursuing direct review in state court by timely appealing his July 14,
2016 judgment to the Fifth District on August 1, 2016. (ECF #7-1 at PageID 129; *see also* Ohio
App. R. 4(A) (deadline of 30 days from the entry of a final order to appeal that order)). However,
his appeal was dismissed on January 3, 2017, after Mr. Lawless did not submit an appellate brief.
(ECF #7-1 at PageID 200). On February 27, 2017, Mr. Lawless timely moved to reopen his appeal.
(*Id.* at PageID 201; *see also* Ohio App. R. 26(B)(1) (deadline of 90 days from journalization of the
appellate judgment to apply to reopen an appeal)). On March 23, 2017, the Fifth District denied
Mr. Lawless's motion. (*Id.* at PageID 208). Mr. Lawless then had 45 days from that judgment to
seek further review from the Supreme Court of Ohio. *See* Ohio S.Ct. Prac. R. 7.01(A)(1). He did
not seek review, so his conviction became final for § 2241(d)(1)(A) on May 8, 2017 (45 days after
March 23, 2017).

AEDPA's statute of limitations then began to run the next day, May 9, 2017. *See* Fed. R.
Civ. P. 6(a)(1) ("when the period is stated in days or a longer unit of time . . . exclude the day of
the event that triggers the period."); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000) (applying
Rule 6(a) standards to computation of time for § 2244(d) statute of limitations purposes). The one-
year limitations clock thus lapsed on May 9, 2018. Mr. Lawless placed his habeas petition in the
prison mailing system on November 28, 2022—1,664 days after the limitations period had elapsed.
*See Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 456 (6th Cir. 2012) ("[A] habeas petition is

considered filed when the prisoner provides the petition to prison officials for filing."). Thus, absent tolling, Mr. Lawless's petition is untimely.

### C. Statutory tolling does not save Mr. Lawless' untimely petition.

Under § 2244(d)(2), the limitations period is tolled while "a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." The tolling provision can only serve to pause a clock that has not yet fully run, it cannot restart an already expired limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In June and July 2019, following after the denial of his application to reopen his appeal, Mr. Lawless filed multiple motions that the trial court interpreted together as a petition for post-conviction relief. (*See* ECF #7-1 at PageID 397-408; 551-57). The one-year limitations period on Mr. Lawless's habeas petition expired in May 2018, over a year before these motions. Moreover, even if statutory tolling could restart an expired clock, none of Mr. Lawless's motions constituted "a *properly filed* application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2) because the Ashland County Court of Common Pleas concluded the motions were untimely. (*See id.* at PageID 564-67; *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery."). Thus, Mr. Lawless is not entitled to statutory tolling.

### D. Mr. Lawless has not sought, nor is he entitled to, equitable tolling.

AEDPA's statute of limitations is not "an inflexible rule requiring dismissal whenever its clock has run" and is "subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645-46, 649 (2010) (cleaned up). A habeas petitioner is entitled to equitable tolling upon showing (1) the

petitioner has been pursuing the petitioner's rights diligently, and (2) some extraordinary circumstance stood in the petitioner's way and prevented timely filing. *Id.* at 649.

Mr. Lawless has not argued he is entitled to equitable tolling. But two arguments are apparent from his other filings: (1) he has long asserted his belief that he lacked a final appealable order in his case and (2) the trial transcripts were unavailable to him to advance his appeal in 2016. Even so, neither a pro se petitioner's ignorance of the law or the inability to acquire trial transcripts are sufficient on their own to warrant equitable tolling. *See Taylor v. Palmer*, 623 F.App'x 783, 789 (6th Cir. 2015); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011). Moreover, neither argument explains why Mr. Lawless was unable to file his habeas petition for over four years after the expiration of the one-year limitations period.

### E.     Mr. Lawless does not meet the high burden necessary under the actual-innocence exception.

As stated above, Mr. Lawless may overcome procedural default by showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray*, 477 U.S. at 495-96. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. To be credible, a petitioner must support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A court must find that petitioner proved "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. While Mr. Lawless argues the trial court did not find him guilty of the offenses to which he pled no contest, he does not argue that he is actually innocent of those offenses. And he offers no new

reliable evidence that was not presented at trial establishing his innocence. Consequently, Mr. Lawless cannot avoid the procedural default by relying on this exception.

Thus, I recommend the District Court **DISMISS** the petition as untimely.

## II.  Even if it were timely, the petition is procedurally defaulted.

Even if Mr. Lawless's petition were timely, the grounds for relief he raises are procedurally defaulted because he failed to comply with a state procedural rule that is an adequate and independent state-law ground on which the state can foreclose review of federal constitutional claims and the state court enforced that procedural rule. *Maupin*, 785 F.2d at 138; *see Williams*, 460 F.3d at 806 (procedural default occurs if a petitioner fails to comply with state procedural rules in presenting his claim to the appropriate state courts).

As discussed above, courts use a four-pronged analysis to determine whether a petitioner's failure to comply with a state procedural rule bars review of his habeas claims: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Maupin*, 785 F.2d at 138. Each of these prongs support a finding that Mr. Lawless procedurally defaulted his four grounds for relief.

For the first prong, Ohio's doctrine of res judicata is a procedural rule that prevents a defendant from bringing claims in a direct appeal or in a post-conviction action that were raised or could have been raised on direct appeal. *See State v. Perry,* 226 N.E.2d 104, 108 (Ohio 1967). Mr.

Lawless appealed his conviction to the Fifth District. (ECF #7-1 at PageID 129). He decided to dismiss his appointed counsel and continue pro se, which the court approved (*id.* at PageID 198-99), but he never filed a merit brief in his appeal. After almost three months of inaction by Mr. Lawless, the Fifth District dismissed his appeal for non-prosecution. (*Id.* at PageID 200). Mr. Lawless later raised various arguments in his post-trial motions to the Ohio trial court, including that his convictions were not final orders (*id.* at PageID 398-99), the subsequent forfeitures were invalid (*id.* at PageID 407-08), his trial counsel was ineffective (*see id.* at PageID 409-10), and he was denied the right to self-representation (*id.* at PageID 411). The Fifth District held that res judicata applied to Mr. Lawless's arguments because each could have been raised and litigated in his direct appeal. (*Id.* at PageID 866; *see also Lawless*, 2021 WL 3630038, at *3). This satisfies the first prong—that there was a procedural rule and Mr. Lawless failed to comply with it—and the second prong—that the state court enforced the procedural rule.

For the third prong, the Sixth Circuit has long held that Ohio's rule denying review of the merits in post-conviction proceedings when a petitioner could have, but failed, to raise a claim on direct appeal, is an adequate and independent state-law ground foreclosing review in subsequent federal habeas proceedings. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006).

For the fourth prong, Mr. Lawless does not articulate cause in his petition or his traverse for why he could not raise these arguments in his direct appeal leading to his claims being barred by res judicata. Mr. Lawless has previously explained in his filings seeking to reopen his direct appeal that he could not file a merit brief on time because the trial transcripts were unavailable to him. (ECF #7-1 at PageID 201-02, 209-10, 220-21). The transcripts were stamped filed by the Ashland County Clerk of Courts on November 10 and 14, 2016. (ECF #7-2 at PageID 954, 997,

1008, 1024, 1032, 1095). Mr. Lawless makes no indication why he did not seek a copy of the transcripts after dismissing his appointed counsel. The record includes a January 17, 2017 letter Mr. Lawless sent to his attorney seeking his client file. (ECF #7-1 at PageID 214). That January 17 letter references a prior November 3, 2016 letter, suggesting Mr. Lawless did not attempt to contact his appellate attorney in those three months. There is nothing in the state-court record indicating Mr. Lawless sought assistance on his own from the Fifth District or the trial court in acquiring the transcripts. Thus, these arguments are unconvincing. Mr. Lawless also may not rely on a claim of ineffective assistance of appellate counsel because he dismissed his appellate counsel and proceeded pro se months before the Fifth District ultimately dismissed his appeal. (*See* ECF #7-1 at PageID 198-99). He also cannot rely on his pro se status or any ignorance of his rights as the Sixth Circuit has held neither constitute cause for not raising an issue on direct appeal. *Plaza v. Bock*, 120 F.App'x 587, 590 (6th Cir.2005).

The four *Maupin* prongs indicate Mr. Lawless has procedurally defaulted his four grounds for relief under Ohio's doctrine of res judicata. Thus, if the District Court were to find the petition timely, I recommend the District Court **DISMISS** petition as procedurally defaulted.

### CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Id.* A showing that the appeal would succeed on the claim is not required to grant a COA. *Miller-El*, 537 U.S. at 337.

Here, jurists of reason could not find it debatable whether Mr. Lawless's petition is untimely. Therefore, I recommend the District Court **DENY** Mr. Lawless a COA.

### CONCLUSION AND RECOMMENDATION

For these reasons, I recommend the District Court **DISMISS** Mr. Lawless's petition as untimely. Even if the petition were timely, I recommend the District Court **DISMISS** the petition because all grounds for relief are procedurally defaulted. Finally, I recommend the District Court **DENY** Mr. Lawless a certificate of appealability.

Dated: December 16, 2024

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

<u>Objections, Review, and Appeal</u>

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).