UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD J. LAWLESS**, | ) | CASE NO. 1:22-CV-02193 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | DARRELL A. CLAY |
| **WARDEN JERRY SPATNY**, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION (ECF NO.** |
| | ) | **15)** |

On December 6, 2022, Petitioner Richard Lawless ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). On December 16, 2024, Magistrate Judge Darrell A. Clay, filed a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the petition. (ECF No. 15). After obtaining an extension of time, Petitioner timely filed his objections to the R&R on January 24, 2025. (ECF No. 17). Respondent Warden Jerry Spatney responded to Petitioner's objection, urging adoption of the R&R. (ECF No. 18). Petitioner filed a reply brief in support of his objection. (ECF No. 19). Upon consideration of Petitioner's objections, the Court **ADOPTS** the R&R in its entirety. Petitioner's petition is hereby **DENIED** and **DISMISSED**.

## I. FACTUAL BACKGROUND

The Court **ADOPTS** Magistrate Judge Clay's findings of fact in Sections I. (state court factual findings); II. (trial court proceedings); III. (direct appeal); IV. (application to reopen the direct appeal); V. (subsequent motion practice in the trial court); and the section titled "Federal Habeas Petition." (ECF No. 15, PageID #1208–16). The R&R recommends that this Court (1)

1

deny the petition as untimely; or (2) deny the petition as procedurally defaulted; and (3) decline to issue a certificate of appealability. (*Id.* at PageID #2148–61).

Petitioner objects to the Magistrate Judge's conclusion that the state court issued a final, appealable order as to his conviction and sentence rendering the petition untimely. (*Id.* at PageID #1238–40). Petitioner also objects to the Magistrate Judge's conclusion that, even if the petition were timely, the claims are procedurally defaulted. (*Id.* at PageID #1240–42). Petitioner does not object to the Magistrate Judge's findings that, if Petitioner's one-year limitation period under AEDPA ran at all, it began to run on May 9, 2017; that Petitioner is not entitled to statutory or equitable tolling of the applicable statute of limitations; and that Petitioner is not entitled to a certificate of appealability. Therefore, the Court **ADOPTS** these portions of the R&R.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service. Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).

### A.     Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to consider an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Cuyahoga County

Common Pleas Court sentenced Petitioner and is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Petitioner's § 2254 petition.

### B. Exhaustion of Available State Court Remedies

Under 28 U.S.C. § 2254(b)(1), a court may not grant a petition for habeas corpus unless it appears the petitioner has exhausted all available state court remedies, state corrective process is unavailable, or circumstances render such state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A petitioner must give the state courts a full and fair "opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Federal courts cannot exercise jurisdiction over a claim in a habeas petition if it was not "fairly presented" to the state courts on appeal. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). A claim is considered "fairly presented" if the petitioner asserted "a factual and legal basis for his claim in state court." *Id*. A petitioner has failed to exhaust state court remedies when those state remedies remain "at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

### III. DISCUSSION

#### A. The Petition is untimely.

As the R&R explains, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon all petitions for a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). Relevant here, the one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). A judgment is final when direct review concludes and the time to file a petition for a writ of certiorari with the United States Supreme Court expires. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) ("[F]inality of a state-

court judgment is expressly defined by statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'").

Petitioner claims that the statute of limitations clock never began to run because the trial court did not issue a final, appealable order of conviction. (ECF No. 17, PageID #1239–40). As Petitioner acknowledges, *State v. Lester*, 958 N.E.2d 142 (Ohio 2011) is dispositive of this issue. (*Id.* at PageID #1239; *see* ECF No. 15, PageID #1224). In *Lester*, the Ohio Supreme Court explained that "a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at 147–48; *see* Ohio Crim.R. 32(C) (providing identical criteria for a judgment). At issue is prong one; Petitioner asserts that the fact of the conviction is not stated in the trial court's sentencing judgment entry because the court did not make a finding of guilt based on his no-contest plea. (ECF No. 17, PageID #1239–40).

Citing *Lester*, the Magistrate Judge explained that the trial court's failure to include this information in the judgment entry is not fatal to its appealability:

> If a judgment entry of conviction does not indicate how a defendant's conviction was effected, whether it was by a guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict from a jury trial, and if it is not corrected by the court sua sponte, . . . a party may obtain a correction to the judgment entry by a motion filed with the trial court to correct the judgment of conviction. But the fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by [Ohio] Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of [Ohio] Crim.R. 32(C) from being final.

(ECF No. 15, PageID #1224) (quoting *Lester*, 958 N.E.2d at 148). Petitioner takes this to mean that the state should have obtained a corrected judgment, and since it did not do so, the judgment

4

is not a final appealable order. (ECF No. 17, PageID #1239). Petitioner misunderstands *Lester*; it offers "the defendant,"—i.e., Petitioner—the opportunity to obtain a corrective judgment, but explains that the judgment's finality and appealability are not affected if "the defendant" does not do so, as long as the substance of the judgment comports with Ohio Crim.R. 32(C).

Here, the judgment entry substantially comports with Ohio Crim.R. 32(C). It states Petitioner's sentence on each of the 39 counts of conviction. (ECF No. 7-1, PageID #107–23). The trial court judge's signature appears on the last page (*id.* at PageID #128), and the judgment is timestamped, evidencing the judgment's entry on the journal by the clerk (*id.* at PageID #103). The judgment indicates that Petitioner pleaded no contest to all 39 counts (*id.*). It also states that the court confirmed with Petitioner that his no-contest pleas were knowing, voluntary, and intelligent, and that "he did not desire to withdraw his former pleas." (*Id.* at PageID #105). Under *Lester*, the trial court was not required to sua sponte amend the judgment entry to reflect Petitioner's guilt, nor was the state required to demand an amended judgment entry. That option was available to Petitioner. As *Lester* explains, this fault in the judgment entry does not impact its finality or appealability.

Petitioner also misunderstands *Askew v. Bradshaw*, 636 F. App'x 342, 344 (6th Cir. 2016), which he presents as holding that a trial courts failure to include the fact of conviction in its judgment entry renders the conviction void. (ECF No. 17, PageID #1239). As the Warden notes in his opposition, the *Askew* judgment omitted the conditions of the defendant's post-release control, which are substantive portions of the judgment. (ECF No. 18, PageID #1249). This case is distinguishable from *Askew*, in that the only part omitted from the judgment was the court's finding of guilt on each of the 39 counts for which it sentenced Petitioner. *Lester* squarely addresses this issue, and for the reasons stated above, requires this Court to conclude that

5

Petitioner's judgment entry of sentencing is a final, appealable order.  The Court therefore **OVERRULES** Petitioner's objection **ADOPTS** the R&R as to this issue; since Petitioner's statute of limitations began to run on May 9, 2017,  the AEDPA provides for a one-year of statute of limitations to file a petition for a writ of habeas corpus, and  the petition was not filed until December 6, 2022, the petition is untimely and must be **DENIED**  and **DISMISSED** .

### B.  Even if the Petition were timely, it is procedurally defaulted.

Magistrate Judge Clay found that, even if the petition were timely, it is procedurally defaulted.  Petitioner "failed to comply with a state procedural rule that is an adequate and independent state-law ground on which the state can foreclose review of federal constitutional claims and the state court enforced that procedural rule."  (ECF No. 15, PageID #1229) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)).  Petitioner does not object to that finding.[1]  Instead, he claims that he can show cause and prejudice to excuse the procedural default, in that the trial court withheld a transcript from Petitioner that he needed to adequately prosecute his direct appeal.  (ECF No. 17, PageID #1241).

To overcome a procedural bar, Petitioner must show cause for the default and actual prejudice resulting from the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 749 (1991).  Petitioner's filing for habeas review cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; instead, they must present affirmative

---

[1] To the extent that Petitioner claims that the adequate and independent state-law procedural rule—res judicata—should not be enforced in cases in which "life or liberty are at stake," (ECF No. 17, PageID #1241) (citing *Sanders v. United States*, 373 U.S. 1 (1963)), that is inapplicable to the Magistrate Judge's conclusion.  *Sanders* states that the doctrine of res judicata does not apply to successive habeas proceedings.  *Sanders*, 373 U.S. at 13–15.  The Magistrate Judge did not apply res judicata to successive habeas petitions.  Instead, in reference to Petitioner's collateral attack on his conviction in state court, the Magistrate Judge explained that the court of appeals rejected arguments based on res judicata because they should have been raised *on direct appeal* rather than in a state court collateral attack.  (ECF No. 15, PageID #1229–30).

evidence or argument for the precise cause and prejudice produced by the procedural default. *See Tinsley v. Million*, 399 F.3d 796, 806 (6th Cir. 2005) (citing *Northland Ins. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at a developed argumentation, are deemed waived.") (quotation omitted)). "A showing of cause requires more than the mere proffer of an excuse." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

Rather, cause ordinarily turns on whether the petitioner can show that some objective factor, external to the defense, "impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 763–64 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Neither a petitioner's pro se status nor their ignorance of the law and procedural filing requirements are enough to satisfy the cause requirement and overcome procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

As to prejudice, Petitioner must show that the alleged constitutional errors worked to his actual and substantial disadvantage. *Id.* at 494. There is no prejudice without a showing of reasonable probability that the result of the proceeding would have been different. *Ambrose v. Booker*, 801 F.3d 567, 577–78 (6th Cir. 2015).

Regarding the transcripts, the Magistrate Judge explained:

> Mr. Lawless does not articulate cause in his petition or his traverse for why he could not raise these arguments in his direct appeal leading to his claims being barred by res judicata. Mr. Lawless has previously explained in his filings seeking to reopen his direct appeal that he could not file a merit brief on time because the trial transcripts were unavailable to him. (ECF #7-1 at PageID 201–02, 209–10, 220–21). The transcripts were stamped filed by the Ashland County Clerk of Courts on November 10 and 14, 2016. (ECF #7-2 at PageID 954, 997, 1008, 1024, 1032, 1095). Mr. Lawless makes no indication why he did not seek a copy of the transcripts after dismissing his appointed counsel. The record includes a January 17, 2017 letter Mr. Lawless sent to his attorney seeking his client file. (ECF #7-1 at PageID 214). That January 17 letter references a prior November 3, 2016 letter,

7

> suggesting Mr. Lawless did not attempt to contact his appellate attorney in those three months. There is nothing in the state-court record indicating Mr. Lawless sought assistance on his own from the Fifth District or the trial court in acquiring the transcripts. Thus, these arguments are unconvincing.

(ECF No. 15, PageID #1230–31). Petitioner does not advance any new arguments to attack the Magistrate Judge's conclusion regarding the trial transcripts; he merely states that the trial court should have given the transcripts to him for free but did not. This does not explain why Petitioner himself failed to request them. The Court therefore **OVERRULES** Petitioner's objections and **ADOPTS** the R&R as to this issue.

### IV. CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Clay's R&R and incorporates it herein by reference. The Court hereby **DENIES** and **DISMISSES** the Petition. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated: November 5, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**